HUNTINGTON SMITH, Respondent, v. H. H. LAUMEIER, Appellant.

November 14, 1882.

1. The "successful claimant" mentioned in the statute (Sess. Acts 1872, sect. 220), is one who claims adversely to the demands of the revenue law, and not one claiming under a subsequent tax-sale.

2. A purchaser at a subsequent tax-sale does not become liable for money paid by a former purchaser under an older assessment, as to which he is not in default.

3. The court cannot render a money judgment for a plaintiff who claims as the holder of a tax-deed which has been excluded from evidence, and as to which there is no other evidence.

4. Where the reasons for the exclusion from evidence of a tax-deed under which the plaintiff claims do not appear, it will be presumed that it was properly excluded.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Reversed and remanded.*

BROADHEAD, SLAYBACK & HAEUSSLER, for the appellant.
J. S. DOBYNS, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The amended petition states that, at the July term, 1873, of the St. Louis County Court, a judgment was obtained in favor of the state against a certain described lot of ground in the city of St. Louis, for the sum of $161.24, being the amount of the taxes assessed against the same for the year 1872, with the penalties, interest, and costs ; that on November 13, 1873, the collector of said county, by virtue of a special execution duly issued on said judgment, and dated July 21, 1873, exposed the land in question for sale in satisfaction of the judgment, in accordance with the statute ; that the land was thereupon forfeited to the state for want of bidders ; that, on February 27, 1874, N. D. Allen paid to the collector, on the order of the clerk of the county court, the sum aforesaid, for all of said tract of land ; that, on April 20, 1876, the collector executed to Allen, in due form, a tax-deed for the property, and that Allen, on January 15, 1880, conveyed to the plaintiff by deed, all his right and title to said land, in fee ; that from the date of said judgment of the county court until now, defendants are interested in the land in question, that is to say, the defendant Laumeier claims to own the land in fee, and his co-defendants are his tenants in possession ; and, that from

the date of said judgment the defendants have held, and still hold, possession of the land; that from January 15, 1880, to the date of suit, plaintiff, by virtue of the tax-deed and the deed of Allen, has been, and is, entitled to possession, and that defendants, on January 16, 1880, unlawfully entered into possession, and hold the same, to plaintiff's damage, etc. Judgment is asked for possession, and the monthly rents and profits, or, if it should be determined that plaintiff is not entitled to recover possession under the tax-deed, then that defendants, as successful claimants of the land, may be adjudged to pay to plaintiff the said sum of $161.24, paid by Allen to the collector, with a further sum equal thereto as redemption-money, and interest on the whole at ten per cent from February 27, 1874, and that the interest of defendants in the land be sold for satisfaction of the same.

The answer denies each and every allegation in the petition, specially excepting that defendant Laumeier is the owner of the land, and that the other defendants are in possession thereof, and have been ever since this action was brought. The answer then proceeds to aver with due particularity the successive steps whereby the same land was forfeited and sold by the collector of revenue for the taxes · of 1873, and that defendant Laumeier became the purchaser, whereupon the collector, on October 11, 1878, executed and delivered to him in due form, a tax-deed conveying the said land and vesting the same in said defendant. The plaintiff replied, admitting the defendant's possession ever since the action was brought, and denying all the other allegations in the answer.

On the trial, the plaintiff introduced testimony tending to prove all the preliminary proceedings for establishing his tax-title, as alleged in the petition, but upon an offer to put in evidence his deed from the collector, this was objected to by the defendants, and the court excluded it from the testimony. The record does not show the ground of the

objection, or why it was sustained. The plaintiff introduced his deed from Allen, and no evidence was offered on the part of the defendants. The cause was dismissed as to all of the defendants, except Laumeier. Judgment was rendered against the plaintiff on his claim for possession, and in his favor for the purchase and redemption money, as demanded in the petition.

Section 220 of the revenue law of 1872 provides, that "if the holder of a tax-deed, or the party claiming under him by virtue of a tax-deed, be defeated in an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay such party claiming under the tax-deed, except in cases where the land was not subject to taxation, or the taxes for which the same was sold were paid before the sale, or it has been redeemed according to law, the full amount of all taxes paid by the tax-purchaser on such lands at the time of the purchase, and all subsequent taxes paid by him, together with the amount of the redemption-money provided for by the law, and interest on the whole amount of such taxes from the time of payment thereof, at the rate of ten per cent per annum ; which judgment shall be a lien upon the real estate in controversy, and may be enforced by execution as in other cases of judgments and decrees of such courts." Adjd. Sess. Acts 1871, p. 129.

The defendant argues that this statutory provision was never intended to apply to a contest like the present, between two successive purchasers of tax-titles to the same land. The position may be strongly maintained, on reasonable grounds. Section 223 of the same act provides thus : "Any person hereafter putting a tax-deed on record in the proper county shall be deemed to have set up such a title to the land described therein as shall enable the party claiming to own the same land to maintain an action for the recovery of the possession thereof against the grantee in the deed, or any person claiming under him, whether such grantee or

person is in actual possession of the land or not." Under this law the present defendant, or any one claiming under him, might sue the plaintiff, whose tax-deed was put on record in the proper county, and recover, if not the possession, the amount of his purchase-money, doubled, with interest, etc., against the plaintiff, as the plaintiff has done against him in this proceeding. Thus, if for any reason neither could recover the possession, each would have a money demand of like amount against the other, and neither would be the gainer by his purchase. More than this, the present defendant might recover against the plaintiff the whole amount of the purchase and redemption money under the second purchase, in a certain contingency, even though the plaintiff had never acquired possession, or any other benefit of his investment. These, and other absurdities which the legislature never intended, would necessarily follow, if we are to construe the words " successful claimant" as applicable to the claimant under a subsequent tax-title. The whole tenor of the statute shows that the successful claimant, within its meaning, must be one who claims adversely to the governmental energy which undertakes to subject the land to the demands of the revenue. The holder of a tax-title which has ripened into the fee by actual possession, may be such a claimant, as against any subsequent tax-sale. He may thus be compelled to pay redemption-money to a later tax-purchaser who fails in a suit for possession. But to say that the later purchaser may, by the mere fact of his purchase and possession under it, become liable for money paid by a former purchaser, under an older assessment, is more than the law ever intended. As to such older assessment, he is in no default, constructively or otherwise. An interpretation to such effect would make the whole proceeding, on the part of the state, a delusion and a snare.

But, however true these suggestions may be, the defendant, in the state of this record, can have no benefit of them.

The petition alleges possession and claim of ownership in the defendant, at and from the date of the county court judgment, which was antecedent to the plaintiff's purchase. The answer admits ownership and possession, but avers affirmatively that these have accrued since the plaintiff's tax-purchase, and by virtue of a purchase under a later assessment. The burthen of proving the date and method of his acquisition was thus assumed by the defendant, but he offered no evidence whatever. Upon the face of the record, therefore, his ownership and possession were as averred in the petition, and he can claim no benefit of the position of subsequent tax-purchaser, which he alleged, but failed to prove. Counsel say in argument, that the court below took the answer as true. We find no evidence of this in the record, nor any reason why the court should have done so. A reply put the allegations in issue. The admission of a possession in defendant since the commencement of the suit, did not negative a possession prior thereto, as averred in the petition. The defendant was therefore properly regarded as a prior claimant against the plaintiff's tax-title, on the face of the record, and subject to all the responsibilities of that position.

We are unable, nevertheless, to reconcile the judgment rendered with the facts before the court. The court excluded from evidence the tax-deed from the collector to Allen. It resulted that, as to the case before the court, no such deed was in existence. How was it possible for the court then to render judgment in favor of the plaintiff as " holder of the tax-deed," or as a " party claiming under him by virtue of a tax-deed?" There was no tax-deed in the case. There can be no recovery under the statute without one. No hint is given, in record or in brief, of the ground upon which the deed was excluded. It may have shown a forgery on its face, or some other patent defect which made it worthless as a muniment of title, and which may not appear in the transcript. There being nothing

whereby an appellate court can determine whether the objection to the deed was well taken or not, the legal presumption must be in favor of the action of the court, and that the exclusion was proper. The plaintiff, having thus failed to show any claim under or by virtue of a tax-deed, as the statute stipulates, was no more entitled to a judgment for money, than to a judgment for possession.

The statute contemplates that the *bona fide* holder of a tax-deed may, from some cause not included in the excepted contingencies, fail of a judgment for possession. This will entitle him to a money judgment. But, that he must first appear to be " the holder of a tax-deed, or the party claiming under him by virtue of a tax-deed," is indispensable in all cases.

All the judges concurring, the judgment is reversed and the cause remanded.

Lewis, P. J., delivered the opinion of the court on a motion for a rehearing.

Whatever may be conceded to the position that a deed may be invalid for some purposes — as, for instance, for proving a title — and may yet be effectual for other purposes, it is incontrovertible that, if the deed be absolutely void, it is a nullity for all purposes. When counsel insists that the so-called tax-deed, in this case, was " absolutely void on its face," and " was evidence of nothing," he means only, we must suppose, that the deed was invalid as a muniment of title ; but that it was not a nullity, and was evidence of something, to wit, that the plaintiff was holder of a tax-deed, or of something which he considered to be such, sufficiently to support a money judgment in his favor. The chief difficulty, however, does not lie here. The deed, whatever it may have been good for, was excluded from evidence. A court must render its decision upon the evidence embodied in the submission of the cause ; not upon evidence which might have been so embodied, but

was not. A different course would be a travesty on judicial procedure. When the deed was once excluded it was no more in the case than if it had never been offered. The court had as much right to found its judgment upon a foreign treaty never exhibited in the court-room, as upon a paper which it had solemnly declared to be not evidence, and therefore not to be considered in making up the judgment. Exclusion must mean something. It certainly does not mean the child's play of a mere averting of the judicial eye, and a subsequent entertaining of the same evidence for the important purpose of establishing a right of recovery. The court might have refused to admit the deed as evidence of title. It might have admitted the paper at the same time, solely for the purpose of showing that the plaintiff was holder of a tax-deed, or of what he had accepted as such. But the record shows that nothing of this sort was done. The deed was absolutely excluded. From that moment there was nothing before the court to show that the plaintiff was a holder, even of that worthless paper. The court could not deliberately consider the paper, and make up a judgment wholly dependent upon it, without a fraud upon the parties who had been notified that it would not be treated as an element in the cause. Nothing could have been further from the intention of the learned circuit judge who heard this cause. The judgment rendered, however, involves, practically, a violation of the rule which forbids such inconsistencies, and was therefore erroneous, and should be reversed.

Where the trial court has excluded a deed on the ground that it is void, and not admissible as evidence, the record not showing why it was so held to be void, we are not permitted to conjecture the reasons from an inspection of the copy in the transcript. Sufficient reasons may thus appear. But they may yet not be the real reasons which actuated the court. Defects may be apparent, which it may be guessed were considered by the trial court as sufficient for

the exclusion of the deed, but which we would not so con-
sider sufficient.    In every aspect, however, there may have
been still other vitiating features in the original, which we
are unable to discover in the copy.    The inflexible rule for
an appellate court, in all such and similar cases, is, that
every presumption must be in favor of the action of the
trial court.    We are therefore bound, in the state of the
present record, to presume that there was a sufficient legal
reason for the absolute exclusion of the deed, and so that
the exclusion was not erroneous, as carried into effect.    We
have no authority here to modify that exclusion, so as to
consider that deed in evidence for a particular purpose, when
it was in fact excluded for all purposes.    For the reasons
above indicated, we did not need to be informed, outside of
the record, what were the moving insufficiencies in the deed ;
nor did we think it proper to search out, or even to recog-
nize them in the transcript before us, in the absence of a
record identification.

As to the claim that, upon the whole record, the judg-
ment was for the right party, we do not see how it can be
sustained.    If the recitals in the tax-deed are true, with
their incongruous dates, the plaintiff has been victimized by
the collector in a sham sale, made without a shadow of au-
thority, for taxes which were not due or payable.    In that
case, there are plenty of reasons why the plaintiff should
recover his money back from the collector, who had no
right to receive it ; but it would be repugnant to every
principle of justice, and very far from what the statute ever
intended, to compel the defendant here, who had nothing
to do with the transaction, who owed no taxes, and was in
no default on any account, to reimburse the plaintiff, with a
heavy statutory penalty added.    If the recitals are untrue, it
is still the collector, and not the defendant, who is in fault.
The officer should be required to correct and reform his
deed, according to the facts.    The plaintiff might then have
a valid tax-deed ; and the statute, not dealing in delusions,

contemplates no other. He might then be in a condition to recover the land itself; or, if not that, a money judgment, under the terms of the statute. If the corrected deed should show that the defendant's tax-title is the later, then the plaintiff ought not to recover, because, as his learned counsel says, in the brief before us: "The last valid tax-title absolutely cuts out and destroys all former tax-titles." The ultimate end of the law is justice; and this it seeks to attain by the development of facts, and not of semblances which unfairly represent them.

When we say that the circuit court might have excluded the deed for certain purposes and admitted it for others, this is not to be understood as deciding that the deed offered was sufficient to show that the plaintiff was holder of a tax-deed, within the meaning of the statute. That question is not now before us. Counsel for the plaintiff points out to us that the deed held by him shows on its face that the taxes for which the sale was made were not due or payable at the time of either the judgment or the sale. Yet he would have us construe the statute as giving him the right to recover on such a deed, a judgment against the defendant for money which he did not owe, concerning which there was no default to the state, and on account of which the collector had no shadow of right to interfere with the defendant's land. The statute never contemplated any such purpose. It was adopted to secure to the state the collection of her lawful dues, and to indemnify one who, having contributed such lawful dues through a tax-purchase, has failed to acquire a title to the land assessed. No court can understand the statute as a mere scheme for speculation, whereby a party may knowingly invest his money in a sham sale, and then recover it back, doubled, by way of penalty, from one who is innocent of any default, or of any connection with the transaction. Counsel may find ingenious reasons for denying the several propositions: that a deed thus obtained, being wholly without authority of law, is void for

every purpose ; that being thus a nullity, its holder cannot be said to be the holder of a tax-deed ; unless it may also be said that one is the holder of a horse, because he owns something which is neither a horse nor any other animal. Our own conclusions upon these propositions are not now called for, since the plaintiff appears to have acquiesced in the exclusion of the deed as a nullity, and, according to the brief filed with this motion, if we rightly understand it, to have really expected and desired nothing else. The motion for a rehearing must be overruled. All the judges concur.